IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02118-MSK-KLM

MRS. CONDIES SALAD COMPANY, INC.,

    Plaintiff,

v.

COLORADO BLUE RIBBON FOODS, LLC, and
WILLIAM R. MCKNIGHT,

    Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Strike Document Titled "Answer in a Civil Action"** [Docket No. 7; Filed December 2, 2011] (the "Motion to Strike") and **Motion to Continue Scheduling/Planning Conference** [Docket No. 8; Filed December 2, 2011] (the "Motion to Continue"). As an initial matter, the Answer [#6] appears to have been filed by Defendant William R. McKnight ("McKnight"), proceeding *pro se*, on behalf of both himself and Defendant Colorado Blue Ribbon Foods, LLC ("Blue Ribbon"). The Court first notes that a corporation, partnership, or other legal entity "cannot appear without counsel admitted to practice before this court . . . ." D.C.COLO.LCivR 83.3D. In other words, Defendant McKnight may represent himself but may not represent Defendant Blue Ribbon in this action. Defendants are warned that "absent prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken, and default judgment or other sanctions may be imposed against the entity." D.C.COLO.LCivR 83.3D.

    The Answer provided by Defendant McKnight does not comply with the Federal Rules of Civil Procedure or with the Local Rules in a number of respects. For example, Fed. R. Civ. P. 8(b)(1)(B) requires that, "[i]n responding to a pleading, a party must . . . admit or deny the allegations asserted against it by an opposing party." Defendant McKnight has addressed some but not all of Plaintiff's allegations. In addition, as Plaintiff points out, the Answer fails to provide a telephone number and an e-mail address at which Defendant McKnight can be contacted, in violation of Fed. R. Civ. P. 11(a). Furthermore, the Answer fails to comply with D.C.COLO.LCivR 10.1E., which mandates that all filings with the Court be double-spaced. This list is not necessarily exhaustive, and the Answer

may fail to comply with the Federal Rules of Civil Procedure and/or the Local Rules[1] in other ways as well.  *Pro se* litigants must follow the same procedural rules that govern other litigants. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Strike [#7] is **GRANTED**. The Answer [#6] is **STRICKEN**. Defendants shall answer or otherwise respond to the Complaint [#1] on or before **January 5, 2012**.

IT IS FURTHER **ORDERED** that the Motion to Continue [#8] is **GRANTED**. The Scheduling Conference set for December 15, 2011 at 11:00 a.m. is **VACATED** and **RESET** to **February 9, 2012 at 11:00 a.m.** in Courtroom C-204 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the parties shall submit their proposed scheduling order pursuant to the District of Colorado Electronic Case Filing ("ECF") Procedures. The parties shall submit the proposed scheduling order no later than **February 4, 2012**.

Dated:  December 5, 2011

---

[1] A copy of the Local Rules of Practice for the District of Colorado may be found at http://www.cod.uscourts.gov/LocalRules/Rules.aspx.