IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02118-KLM

MRS. CONDIES SALAD COMPANY, INC.,

Plaintiff,

v.

COLORADO BLUE RIBBON FOODS, LLC, and
WILLIAM R. MCKNIGHT,

Defendants.

---

**ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Entry of a Default Judgment Against Defendant Colorado Blue Ribbon Foods, LLC** [Docket No. 21; Filed Feb. 9, 2012] (the "Motion"). Plaintiff seeks entry of default judgment against Defendant Colorado Blue Ribbon Foods, LLC ("Blue Ribbon"). Pursuant to Fed. R. Civ. P. 55(a), the Clerk of Court entered default against Defendant Blue Ribbon on February 13, 2012. *See Entry of Default* [#29]. Defendant Blue Ribbon has not responded to the present Motion. For the reasons set forth below, the Motion is **GRANTED**.

## I. Background

According to the Complaint, Plaintiff sells perishable agricultural commodities. *See Compl.* [#1] at 2. In December 2008 and January 2009, Plaintiff made four sales of perishable agricultural commodities to Defendant Blue Ribbon. *See id.* Defendant Blue Ribbon accepted delivery of these commodities but failed to pay Plaintiff the purchase price

of $40,328.20. *See id.*

Plaintiff brings one cause of action against Defendant Blue Ribbon based on violation of 7 U.S.C. § 499b. *See id.* at 2-4. In support, Plaintiff alleges that Defendant Blue Ribbon was licensed or subject to license pursuant to the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. §§ 499a-499s, at the time of the transactions between the two companies. *See id.* at 2. On December 22, 2009, Plaintiff filed a claim with the United States Department of Agriculture ("USDA") seeking reimbursement from Defendant Blue Ribbon pursuant to PACA. *See id.* at 3; *see also Ex. A, Formal Complaint Under the PACA Involving Failure to Make Payment* [#1-1]. On April 9, 2010, the Secretary of Agriculture (the "Secretary") issued a default order requiring Defendant Blue Ribbon to pay Plaintiff within thirty days the amount of "$40,328.20, together with interest on such amount at the rate of 0.43 percent per year from March 1, 2009 until paid, plus $500."[1] *Compl.* [#1] at 3; *see also Ex. B, USDA Default Order* [#1-2]. Plaintiff alleges that Defendant Blue Ribbon failed to comply with the Secretary's order. *See Compl.* [#1] at 4.

Plaintiff initiated this lawsuit on August 12, 2011 [#1]. On November 11, 2011, Plaintiff filed a Return of Service by a private process server for Defendant Blue Ribbon. *See Return of Service* [#5]. The server stated that he personally served William R. McKnight ("McKnight"),[2] the registered agent for Defendant Blue Ribbon. *See id.* No attorney entered an appearance on behalf of Defendant Blue Ribbon. Further, no answer

---

[1] With respect to the $500, the Secretary's order states: "Complainant paid a $500 handling fee to file its Complaint. Pursuant to section 5(a) of the PACA (7 U.S.C. § 499e(a)), the party found to have violated section 2 of the PACA (7 U.S.C. § 499b) is liable for any handling fee paid by the injured party." *Ex. B, USDA Default Order* [#1-2] at 2.

[2] McKnight is also a Defendant in this matter and is proceeding *pro se*.

or other response has been filed by Defendant Blue Ribbon.

On February 9, 2012, the Court entered an Amended Scheduling Order [#23], Plaintiff filed a Motion for Entry of Default [#20] and a Motion for Default Judgement [#21] as to Defendant Blue Ribbon, and Plaintiff and Defendant McKnight consented to the jurisdiction of the undersigned [#24]. On February 13, 2012, the Clerk of Court entered default as to Defendant Blue Ribbon [#29]. Defendant Blue Ribbon has failed to respond to the entry of default or to the Motion.

**II. Analysis**

Pursuant to Fed. R. Civ. P. 55(a), default may enter against a party who fails to appear or otherwise defend the case brought against it. However, even after an entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (citations omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).

**A. Jurisdiction**

In determining whether the entry of default judgment is warranted here, the Court must first consider whether the Court has subject matter and personal jurisdiction. *Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997)*; Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). The Court must do so in consideration of the well-established law that "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action."

*Williams*, 802 F.2d at 1203.

### 1. Subject Matter Jurisdiction

Plaintiff asserts that the Court has subject matter jurisdiction over this lawsuit based on federal question jurisdiction in accordance with its claim pursuant to the PACA. *See Civil Cover Sheet* [#1-3] at 2. Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's cause of action arises under 7 U.S.C. § 499b of the PACA, a federal statute. *Compl.* [#1] at 2-3. Therefore, the action arises under the laws of the United States, and the Court may exercise subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331.

### 2. Personal Jurisdiction

Plaintiff bears the burden of establishing personal jurisdiction. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). "[P]laintiff need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assoc., Inc.*, 115 F.3d at 773. As further explained below, in making a determination on a motion for default judgment, the Court accepts the well-pled allegations of Plaintiff's Complaint as true. This deferential pleading standard does not extend to statements of legal conclusion couched as fact. *Cf. Miller v. Kelly*, No. 10-cv-02132-CMA-KLM, 2010 WL 4684029, at *4 (D. Colo. Nov. 12, 2010) (citations omitted) ("While the Court accepts Plaintiff's well-pled allegations as true for the purpose of establishing personal

jurisdiction over Defendant . . . It accords no deference to Plaintiff's conclusory and wholly unsupported allegations.").

The Court must first address the adequacy of service of process on Defendant Blue Ribbon. *See United States v. Elsberg*, No. 08-cv-00522-MSK-KLM, 2010 WL 5177439, at *2 (D. Colo. Aug. 17, 2010). In the Complaint, Plaintiff asserts that Defendant Blue Ribbon is a Colorado limited liability company. *Compl.* [#1] at 1. Rule 4(h) of the Federal Rules of Civil Procedure applies to service of process upon corporations. That Rule states that a domestic corporation may be served "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). On November 11, 2011, Plaintiff filed a Return of Service demonstrating that a private process server personally served McKnight, the registered agent for Defendant Blue Ribbon. *See Return of Service* [#5]. Because Plaintiff served the registered agent for Defendant Blue Ribbon, the Court is satisfied that Plaintiff has used due diligence in serving Defendant Blue Ribbon.

Plaintiff avers that the Court has personal jurisdiction over Defendant Blue Ribbon pursuant to 7 U.S.C. § 499g(b). In relevant part, the statute states: If any commission merchant . . . does not pay the reparation award within the time specified in the Secretary's order, the complainant . . . may within three years of the date of the order file in the district court of the United States for the district in which he resides . . . ." On April 9, 2010, the Secretary issued a reparation award requiring Defendant Blue Ribbon to pay Plaintiff within thirty days of the order. *See Ex. B, USDA Default Order* [#1-2] at 2. Defendant Blue Ribbon did not pay Plaintiff, according to the Complaint. *See Compl.* [#1] at 4. Pursuant to 7 U.S.C. § 499g(b), Plaintiff may bring this action in the District of Colorado because it

is a Colorado corporation and because Defendant is a Colorado limited liability company. *See Compl.* [#1] at 1; 7 U.S.C. § 499g(b) (stating that "the complainant . . . may . . . file in the district court of the United States for the district in which he resides or in which is located the principal place of business of the commission merchant . . .). *See Harmon v. RAR Enters., Inc.*, No. CV-10-01813-PHX-FJM, 2011 WL 2175063, at *2 (D. Ariz. June 3, 2011) (finding the same on similar facts). Accordingly, the Court has personal jurisdiction over Defendant Blue Ribbon.

### B. Entry of Default

As a threshold issue, the Court examines whether default was entered properly in this case against Defendant Blue Ribbon. Plaintiff initiated this lawsuit on August 12, 2011 [#1]. On November 11, 2011, Plaintiff filed a Return of Service by a private process server for Defendant Blue Ribbon. *See Return of Service* [#5]. The server stated that he personally served McKnight, the registered agent for Defendant Blue Ribbon. *See id.* No attorney entered an appearance on behalf of Defendant Blue Ribbon. Further, no answer or other response has been filed by Defendant Blue Ribbon. On February 9, 2012, Plaintiff filed a Motion for Entry of Default [#20] as to Defendant Blue Ribbon. On February 13, 2012, the Clerk of Court entered default as to Defendant Blue Ribbon [#29]. Defendant Blue Ribbon has failed to respond to the entry of default.

Defendant Blue Ribbon has "failed to plead or otherwise defend" this lawsuit. *See* Fed. R. Civ. P. 55(a); *see State Resources Corp. v. Sirios*, 10-cv-00243-PAB-MJW, 2011 WL 318754, at *2 (D. Colo. Jan. 28, 2011) (holding that entry of default was proper when "[d]efendant's failure to respond [had] thwarted the ability of the Court to resolve the matter on the merits"). Accordingly, the Court finds that the entry of default against Defendant

Blue Ribbon was proper.

### C. Default Judgment

After confirming the propriety of the entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *Greenwich Ins. Co.*, 2008 WL 793606 at *1 (citations omitted). "'[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.'" *In Re Rains*, 946 F.2d 731, 733-34 (10th Cir. 1991) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir.1970)).

"[A] party is not entitled to a default judgment as of right; rather the entry of default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co.*, 2008 WL 793606 at *2 (quoting *Cablevisions of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)). Where the complaint states an adequate legal basis for relief against a party in default, default judgment is appropriate. *Id.* (citing *Weft, Inc. v. G.C. Inv. Assocs.*, 430 F. Supp. 1138, 1143 (E.D.N.C. 1986)).

Upon review of a motion for default judgment, assuming default was properly entered, the moving party enjoys the benefit of deferential pleading interpretation. The Court deems the well-pled facts (as opposed to merely conclusory statements) of the Complaint in this matter to be true. *Id*. at *1 (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). The Court also accepts as undisputed any facts set forth by the moving party in affidavits and exhibits. *Id.* When

assessing damages, however, the Court must establish the amount that the moving party is entitled to recover. *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). Whether to conduct a hearing for the purpose of ascertaining damages is discretionary; the Court need not conduct a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Held v. Shelter Sys. Group Corp.*, No. 93-1225, 1994 WL 47157, at *1 (10th Cir. 1994) (unpublished) (citing *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)).

**1. Plaintiff's PACA Claim**

Plaintiff's claim against Defendant Blue Ribbon in this case arises under the PACA. *Compl.* [#1] at 3. The claim is supported by the well-pled facts in Plaintiff's Complaint [#1 at 2-3], by Plaintiff's Exhibit A, (Formal Complaint Under the PACA Involving Failure to Make Payment [#1-1]), and by Plaintiff's Exhibit B (USDA Default Order [#1-2]).

Plaintiff brings this suit against Defendant Blue Ribbon based on 7 U.S.C. § 499b and Defendant Blue Ribbon's non-compliance with an order of the Secretary. *See Compl.* at 3-4. Pursuant to 7 U.S.C. § 499g(b), "the findings and orders of the Secretary shall be prima-facie evidence of the facts therein stated." In essence, this means that the "Secretary's findings [have] conclusive effect unless effectively rebutted." *Genecco Produce, Inc. v. Sol Grp. Mktg. Co.*, No. 04-CV-6282 CJS, 2006 WL 328385, at *4 (W.D.N.Y. Feb. 9, 2006) (citation omitted). The Secretary adopted as findings of fact those facts alleged by Plaintiff in his complaint to the Secretary. *See Ex. B, USDA Default Order* [#1-2] at 1.

The PACA makes it unlawful for any commission merchant to "fail or refuse to truly and correctly account and make payment promptly." 7 U.S.C. § 499b(4). The term "full

payment promptly" means "payment for produce purchased by a buyer, within ten days after the day on which the produce is accepted." 7 C.F.R. § 46.2(aa)(5). Here, the uncontroverted allegations and evidence demonstrate that Defendant Blue Ribbon was licensed or subject to license pursuant to the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. §§ 499a-499s, at the time of the transactions between the two companies. *See Compl.* [#1] at 2; *Ex. A, Formal Complaint Under the PACA Involving Failure to Make Payment* [#1-1] at 1. Further, Defendant Blue Ribbon had a contractual relationship with Plaintiff in that Defendant Blue Ribbon received and accepted delivery of the agricultural commodities listed by Plaintiff yet failed to reimburse Plaintiff for their purchase price of $40,328.20. *See Compl.* [#1] at 2; *Ex. A, Formal Complaint Under the PACA Involving Failure to Make Payment* [#1-1] at 2. Thus, Defendant Blue Ribbon violated 7 U.S.C. § 499b(4).

Because the Court deems the well-pleaded facts of the Complaint to be true, the Court finds that Plaintiff has established that Defendant Blue Ribbon failed to pay Plaintiff the purchase price of the agricultural commodities it accepted, in violation of 7 U.S.C. § 499b(4). *See, e.g.*, *A&J Produce Corp. v. Watermelon Exp., LLC*, No. 3:08-cv-1850 (VLB), 2010 WL 5395067, at *5 (D. Conn. Dec. 23, 2010) (reaching the same conclusion on similar facts). Accordingly, default judgment should be entered against Defendant Blue Ribbon on Plaintiff's claim pursuant to the PACA.

**2. Damages**

Pursuant to Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." In the Complaint, Plaintiff requests damages of $40,328.20 with interest on that amount of 0.43 percent per year from

March 1, 2009 until paid, plus $500. *See Compl.* [#1] at 4.

Actual proof must support any default judgment for money damages. *See Klapprott v. United States*, 335 U.S. 601, 611-12 (1949). The amount of damages must be ascertained before a final default judgment can be entered against a party. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo.1984) (citing 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2692 at 465-66 (1983)). This rule prevents a plaintiff who obtains a default judgment from receiving more in damages than is supported by actual proof. *See Klapprott*, 335 U.S. 611-12.

With respect to damages, 7 U.S.C. § 499g(b) states, "Such suit in the district court shall proceed in all respects like other civil suits for damages, except that the findings and orders of the Secretary shall be prima-facie evidence of the facts therein stated . . . ." The order by the Secretary found that Plaintiff should be awarded an amount of "$40,328.20, with interest thereon at the rate of 0.43 per centum from March 1, 2009, until paid, plus the amount of $500." *See Ex. B, USDA Default Order* [#1-2] at 2. Plaintiff alleges that Defendant Blue Ribbon has failed to pay this amount in accordance with the Secretary's order. *See Compl.* [#1] at 4. Plaintiff has thus provided the Court with undisputed proof of the damages amount. Therefore, the Court finds that judgment should be entered in favor of Plaintiff reducing these damages to judgment for the amount specified by the Secretary.

**3. Costs and Attorney's Fees**

Plaintiff also requests the costs of this proceeding and a reasonable attorney's fee. *See Compl.* [#1] at 5. Pursuant to 7 U.S.C. § 499g(b), Plaintiff may also be awarded costs and attorney's fees: "[T]he petitioner shall not be liable for costs in the district court . . . .

If the petitioner finally prevails, he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit." Plaintiff avers that it "has incurred costs as part of this lawsuit in the amount of $483 and legal fees in the amount of $6,012.50." *See Ex. B, Aff. of Peter B. Nagel* [#21-2] at 2.

The Court finds Plaintiff's request for costs and fees problematic for two reasons. First, there are two Defendants in this matter; the second, McKnight, remains in this lawsuit. Plaintiff does not specify whether the requested costs and attorney's fees relate to the entire lawsuit against both Defendants or whether the requested amount is the portion properly allocated to Defendant Blue Ribbon alone. Second, pursuant to D.C.COLO.LCivR 54.3B, a motion requesting attorney's fees must include: 1) "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed;" and 2) "a summary of relevant qualifications and experience." Plaintiff has provided neither.

Therefore, before the Court can determine the appropriate amount of costs and attorney's fees that should be awarded to Plaintiff, Plaintiff must provide an itemized list of costs and fees attributable to its claim against Defendant Blue Ribbon,[3] as well as comply with all other requirements of D.C.COLO.LCivR 54.3. *See, e.g.*, *Fresh Quest, Inc. v. Growers Mktg. Serv., Inc.*, No. 08-61308-CIV, 2009 WL 1227817 (S.D. Fla. May 5, 2009) (discussing an award of costs and attorney's fees in the context of a PACA claim pursuant to 7 U.S.C. § 499g(b)).

## III. Conclusion

[3] Plaintiff should not include costs and attorney's fees attributable to its claim against Defendant McKnight.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#21] is **GRANTED in part and DENIED WITHOUT PREJUDICE in part**. The Court **GRANTS** Plaintiff's request for default judgment against Defendant Blue Ribbon in the amount of $40,328.20, with interest thereon at the rate of 0.43 percent from March 1, 2009, until paid, plus the amount of $500. The Court **DENIES WITHOUT PREJUDICE** Plaintiff's request for attorney's fees and costs. Any motion for attorney's fees and costs regarding Plaintiff's claim against Defendant Blue Ribbon shall be filed on or before **March 20, 2012**.

Dated: March 13, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge