IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-02118-KLM

MRS. CONDIES SALAD COMPANY, INC.,

    Plaintiff,

v.

COLORADO BLUE RIBBON FOODS, LLC, and
WILLIAM R. MCKNIGHT,

    Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for the Entry of a Monetary Judgment for Attorneys' Fees and Costs Against Defaulted Defendant** [Docket No. 31; Filed March 20, 2012] (the "Motion").  The history of this matter was set forth in the Court's March 13, 2012 Order [#30] and is not reproduced here.  In that Order, the Court granted Plaintiff's Motion for Entry of a Default Judgment Against Defendant Colorado Blue Ribbon Foods, LLC ("Blue Ribbon").  The Court also denied without prejudice Plaintiff's request for attorney's fees and costs, in part for failure to comply with D.C.COLO.LCivR 54.3.  *See Order* [#30] at 11-12.  Plaintiff subsequently filed the Motion seeking these fees and costs.  No timely Response has been filed.  Having considered the Motion, the Court awards Plaintiff attorney's fees as set forth below.

As discussed in the previous Order [#30], pursuant to 7 U.S.C. § 499g(b), Plaintiff

may be awarded costs and attorney's fees: "[T]he petitioner shall not be liable for costs in the district court . . . . If the petitioner finally prevails, he shall be allowed a reasonable attorney's fee, to be taxed and collected as part of the costs of the suit." As Plaintiff has prevailed in its suit against Defendant Blue Ribbon, Plaintiff is therefore entitled to costs and a reasonable attorney's fee. *See Order* [#30] at 10; 7 U.S.C. § 499g(b).

Pursuant to D.C.COLO.LCivR 54.3B., a party seeking an award of expenses must provide "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and a summary of the relevant qualifications and experience." Plaintiff submitted an Affidavit authored by Attorney Peter B. Nagel ("Nagel"), which includes an itemized list of fees incurred, the hourly rates charged by counsel, his experience, and costs expended. *See Ex. A, Aff. of Nagel* [#31-1]. As per the Affidavit, Plaintiff incurred attorney's fees in the amount of $4,875.00 and costs of $483.00[1] in connection with Defendant Blue Ribbon in this action.[2] The Court finds that Plaintiff has satisfied the requirements of Local Rule 54.3B.

Turning to the reasonableness of Attorney Nagel's hourly rate, the party seeking attorney's fees bears the burden of producing "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Concerning Attorney Nagel's relevant qualifications and experience, he

---

[1] The costs associated with the matter include a $350.00 filing fee and $153.00 for service of process on Defendant Blue Ribbon. *See Ex. A, Aff. of Nagel* [#31-1] at 2, 8.

[2] Plaintiff does not seek reimbursement for attorney's fees expended solely in connection with Defendant William R. McKnight, against whom this action still proceeds. *See Ex. A, Aff. of Nagel* [#31-1] at 2.

states:

> I have been engaged in the practice of law and have been admitted to practice in this Court, in both cases since 1978. While litigation is not the primary focus of my practice, I have, in the course of my career, handled dozens of matters in state trial and appellate courts in the State of Colorado, have held an AV rating from Martindale-Hubbell for over 25 years, and am currently listed in both *Best Lawyers in America* and *Colorado Superlawyers*.

*Ex. A, Aff. of Nagel* [#31-1] at 2. In this case, Attorney Nagel seeks fees at an hourly rate of $325.00. *See id.* He avers that this amount is "well within the prevailing market rate within the Denver legal community for lawyers with a similar degree of experience and qualification." *Id.* (citing *Shrader v. Beann*, No. 10-cv-01881-REB-MLW, 2012 WL 527480, at *3 (D. Colo. Feb. 12, 2012) (finding that an hourly rate of $425 for senior attorneys in the Denver area is reasonable); *Broker's Choice of Am., Inc. v. NBC Universal, Inc.*, No. 09-cv-00717-CMA-BNB, 2011 WL 3568165, at *8-9 (D. Colo. Aug. 15, 2011) (same)). The Court finds that the hourly rate of $325.00 is reasonable for this jurisdiction for counsel with Attorney Nagel's experience and qualification.

A party seeking an award of attorney's fees must demonstrate that the expenses it seeks are reasonable. *See Dewey v. Hewlett Packard Co.*, No. 05–cv–01482–REB–MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007). Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Generally, the starting point for any calculation of a reasonable attorney's fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Malloy v. Monahan*, 73 F.3d 1012, 1017–18 (10th Cir. 1996). The Court is not required to reach a lodestar determination in every instance, however, and may simply

accept or reduce a fee request within its discretion. *Hensley*, 461 U.S. at 436–37.

As noted, Plaintiff is the prevailing party with respect to Defendant Blue Ribbon and, therefore, is entitled to be compensated. *See Order* [#30] at 10; 7 U.S.C. § 499g(b). The Court exercises its "discretion in making this equitable judgment" and does not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness overall. *Hensley*, 461 U.S. at 436–40 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684–85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute). Based on the undersigned's twenty-seven years of combined private and judicial experience and careful consideration of Attorney Nagel's Affidavit and the issues underlying this matter, the Court finds that Attorney Nagel's claimed fees are reasonable here. *See, e.g., Onesource Commercial Prop. Servs., Inc. v. City & Cnty. of Denver*, No. 10-cv-02273-WJM-KLM, 2011 WL 3583398, at *2 (D. Colo. Aug. 12, 2011).

Thus, the Court finds that: (1) Attorney Nagel's hourly compensation of $325.00 is reasonable; (2) the hours of attorney time noted by him are reasonable; and (3) the expenses incurred by Plaintiff are reasonable. Accordingly, the Court concludes that Plaintiff is entitled to an award of $4,875.00 in attorney's fees and $483.00 in costs it incurred as a result of its lawsuit against Defendant Blue Ribbon. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#31] is **GRANTED**.

IT IS FURTHER **ORDERED** that Plaintiff is awarded costs and fees in the amount

of $5,358.00, and that default judgment shall enter in favor of Plaintiff and against Defendant Colorado Blue Ribbon Foods, LLC in that amount.

Dated: April 24, 2012

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge