IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-02118-KLM

MRS. CONDIES SALAD COMPANY, INC.,

   Plaintiff,

v.

COLORADO BLUE RIBBON FOODS, LLC, and
WILLIAM R. MCKNIGHT,

   Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant McKnight's **Motion to Dismiss**[1] [Docket No. 35; Filed July 6, 2012] (the "Motion to Dismiss") and Plaintiff's **Motion for Summary Judgment** [Docket No. 36; Filed July 6, 2012] (the "Motion for Summary Judgment"). Plaintiff has filed a **Response to Defendant's Motion to Dismiss** [#38; Filed July 27, 2012] ("Response to the Motion to Dismiss") but Defendant has not filed a reply. In response to the Motion for Summary Judgment, Defendant filed a **Motion to Deny Plaintiff's Request for Summary Judgment** [#37; Filed July 17, 2012] ("Response to the Motion for Summary Judgment").  Plaintiff then filed a **Reply in Support of Motion for Summary Judgment** [#39; Filed August 1, 2012] ("Reply"). For the reasons that follow, the Motion to Dismiss and the Motion for Summary Judgment are **DENIED WITHOUT**

---

[1] The Motion to Dismiss is filed on behalf of *Pro Se* Defendant William R. McKnight only. A default judgment was entered against the other Defendant, Colorado Blue Ribbon Foods, LLC, on April 25, 2012 for the amount of damages sought.  [#34].

**PREJUDICE**.

## I. CASE SUMMARY

According to the Complaint, Plaintiff sells perishable agricultural commodities. *Compl.* [#1] at 2. Plaintiff alleges that in December 2008 and January 2009, it made four sales of perishable agricultural commodities to Defendant Colorado Blue Ribbon Foods, LLC ("Blue Ribbon"). *Id.* Blue Ribbon allegedly accepted delivery of these commodities but failed to pay Plaintiff the purchase price of $40,328.20. *Id.* Plaintiff asserts that Defendant McKnight ("McKnight") is a member and manager of Blue Ribbon. [#1] at 1.

Plaintiff alleges one cause of action against Blue Ribbon based on a violation of 7 U.S.C. § 499b, which prohibits unfair conduct in perishable agricultural commodity transactions, and one cause of action against McKnight for breach of trust. [#1] at 2-5. In support, Plaintiff alleges that Blue Ribbon was licensed or subject to license pursuant to the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. §§ 499a-499s, at the time of the transactions between the two companies. [#1] at 2. On December 22, 2009, Plaintiff filed a claim with the United States Department of Agriculture ("USDA") seeking reimbursement from Blue Ribbon pursuant to PACA. [#1] at 3; *see also Ex. A, Formal Complaint Under the PACA Involving Failure to Make Payment* [#1-1]. On April 9, 2010, the Secretary of Agriculture (the "Secretary") issued a Default Order requiring Blue Ribbon to pay Plaintiff within thirty days the amount of "$40,328.20, together with interest on such amount at the rate of 0.43 percent per year from March 1, 2009 until paid, plus $500."[2] [#1]

---

[2] With respect to the $500, the Secretary's order states: "Complainant paid a $500 handling fee to file its Complaint. Pursuant to section 5(a) of the PACA (7 U.S.C. § 499e(a)), the party found to have violated section 2 of the PACA (7 U.S.C. § 499b) is liable for any handling fee paid by the injured party." *Ex. B, USDA Default Order* [#1-2] at 2.

at 3; *see also Ex. B, USDA Default Order* [#1-2]. Plaintiff alleges that Blue Ribbon failed to comply with the Secretary's order. [#1] at 4.

Regarding McKnight, Plaintiff alleges that he "held a position of management and authority with respect to Blue Ribbon, such that he was at all relevant times in a position to determine and control whether to devote the assets of Blue Ribbon to the payment of Mrs. Condies' claims." [#1] at 4. Plaintiff further alleges that McKnight breached his fiduciary duties to Plaintiff by misappropriating and failing to preserve assets over which he exercised control. The Complaint seeks judgment against Blue Ribbon and McKnight, "jointly and severally, and in favor of Mrs. Condies in the amount of $40,328.20, together with interest on such amount at the rate of 0.43 percent per year from March 1, 2009 until paid, plus $500." [#1] at 5. In light of the default judgment entered against Blue Ribbon on April 25, 2012, only the cause of action against McKnight remains.

## II. ANALYSIS

### A. Standard of Review[3]

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(c), summary judgment should enter if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue

---

[3] Because, as explained below, the Motion to Dismiss [#36] is treated as a motion for summary judgment, the summary judgment standard of review is applicable to both pending motions.

in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law.  *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).  When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."  *Id.* at 671.  If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor.  *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence.  *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).  The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

When considering Defendant's Motion to Dismiss [#35] and his Response to the Motion for Summary Judgment [#37], the Court is mindful that it must construe the filings of a *pro se* litigant liberally.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be a *pro se* litigant's advocate, nor should it "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

**B.     Motion to Dismiss**

Defendant seeks dismissal of Plaintiff's claim against him because Defendant "believes that Plaintiff knowingly filed false claims" with the USDA. [#35] at 1.  Defendant states that he believes "these false claims were made with full knowledge and deliberation" to convince the USDA to issue a judgment against him.  *Id.*  Consequently, Defendant argues, the USDA's Default Order is null and void.  *Id.*

Defendant asserts that he has no record of a written contract with Plaintiff for the produce at issue and that Plaintiff did not provide a copy of such a contract with its USDA complaint. [#35] at 2. Moreover, he asserts that he is and always has been the only person authorized to issue a purchase order for Blue Ribbon and that he did not issue a purchase order to Plaintiff for the produce referenced in the USDA complaint. [#35] at 5.  He states that Blue Ribbon received no produce items from Plaintiff and received no funds from the sale of the produce. [#35] at 4.  He further contends that he believes that the invoices

referenced in the USDA complaint reflecting Blue Ribbon as the buyer of the produce were generated after the fact. [#35] at 5. He bases this belief on his contention that Plaintiff first filed a complaint involving the same invoices with the Colorado Department of Agriculture ("CDA") against Food Share America before filing the USDA complaint.[4] [#35] at 2. This, McKnight contends, indicates that the invoices had been sent by Plaintiff to Food Share America, not to Blue Ribbon. *Id.*

McKnight further asserts that the subsequent Cease and Desist Order issued by the CDA was against Food Share America, not Blue Ribbon. [#35] at 3. He explains that the Cease and Desist Order stated that Food Share America was not properly licensed. *Id.* Based on this information, McKnight speculates that Plaintiff, knowing Blue Ribbon was properly licensed under PACA and believing that Food Share America was not, knowingly filed a false USDA complaint against Blue Ribbon seeking relief pursuant to PACA. [#35] at 3, 4.

McKnight claims that when he was contacted on April 29, 2009 about Plaintiff's USDA complaint, he responded on May 18, 2009 but received no further communication until May 4, 2010 when he received the Default Order. [#35] at 3. He further claims that he filed an appeal of the Default Order but received no further communication from the USDA. [#35] at 4.

Plaintiff first argues that although not designated as such, the Motion to Dismiss should be treated as a motion for summary judgment. The Court agrees.

---

[4] McKnight attaches to his Motion to Dismiss a letter from the CDA to Food Share America regarding a complaint by Plaintiff for nonpayment of farm products received, and a Cease and Desist Order against Food Share America. [#35] at Exh. A, B.

"[I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings." *Prager v. LaFever*, 180 F.3d 1185, 1188 (10th Cir. 1999).  Fed. R. Civ. P. 12(d) requires that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

Here, McKnight alleges facts outside the Complaint [#1] that contradict Plaintiff's factual allegations in the Complaint.  Additionally, he attaches to the Motion to Dismiss two documents that are not referenced in the Complaint but that he asks the Court to consider in deciding his motion. [#35], Exh. A, B.  Thus, because McKnight requests the Court's consideration of matters outside the pleadings, the Motion to Dismiss will be treated as a motion for summary judgment.  Moreover, having failed to file a reply, McKnight presents no opposition to Plaintiff's request to treat the Motion to Dismiss as a motion for summary judgment.

Plaintiff argues that the relief requested in the Motion to Dismiss should be denied because by alleging facts contrary to those in the Complaint, the Motion to Dismiss creates factual disputes rather than showing "no genuine dispute as to any material fact," as Rule 56 requires. [#38] at 3-4. Moreover, Plaintiff objects to all of McKnight's factual allegations because they are not presented in an admissible form. [#38] at 3.  Plaintiff points out that McKnight's allegations are not set forth in an affidavit or other proper form.  *Id.*  Nor are they, Plaintiff contends, supported by documentary evidence furnished by McKnight in the course of discovery.  *Id.*

Fed. R. Civ. P. 56(c) provides that a party must support its factual assertions by

"citing to parts of the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  "The purpose of a summary judgment motion, unlike that of a motion to dismiss, is to determine whether there is evidence to support a party's factual claims." *L&M Enterprises, Inc. v. BEI Sensors and Systems Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000).

Here, other than the two exhibits from the CDA, McKnight fails to provide any evidence to support his factual assertions.  The two exhibits, assuming there is no dispute regarding their authenticity, relate to a complaint Plaintiff filed with the CDA against Food Share America. [#35], Exh. A, B.  Even assuming the facts contained therein are accurate, they do not support the speculative allegations McKnight derives from the exhibits.  McKnight's allegation that Plaintiff falsified its complaint to the USDA by naming Blue Ribbon instead of Food Share America, among other related allegations, is unsupported by any evidence beyond his own speculation.  Thus, absent any evidentiary support for the bulk of McKnight's factual assertions, the Motion to Dismiss, treated as a motion for summary judgment, is **DENIED WITHOUT PREJUDICE**.

**C.     Motion for Summary Judgment**

Plaintiff contends in its Motion for Summary Judgment that the Court's Order [#30] granting default judgment against Blue Ribbon establishes that Blue Ribbon was licensed pursuant to PACA, had a contractual relationship with Plaintiff for the purchase of agricultural commodities, and failed to pay the purchase price of those commodities. [#36] at 5.  Plaintiff argues that it is entitled to summary judgment against McKnight individually

because as a person who "held a position of management and authority with respect to Blue Ribbon," he controlled whether Blue Ribbon paid for the produce it obtained from Plaintiff. [#36] at 3-4. Plaintiff argues that individual liability is authorized by PACA and that McKnight's responses to Plaintiff's discovery requests show that he alone was the owner and manager of Blue Ribbon. [#36] at 9-12. Consequently, by failing to pay Plaintiff for the produce, Plaintiff argues that McKnight breached his fiduciary duty to Plaintiff and that Plaintiff is entitled to summary judgment against him.

In his Response to the Motion for Summary Judgment, McKnight argues that the default judgment should not be viewed as a validation of Plaintiff's claims against Blue Ribbon. [#37] at 3. He explains that Blue Ribbon was not permitted to file an answer without legal representation, which it could not afford. [#37] at 2-3. McKnight then makes some of the same arguments he raised in his Motion to Dismiss, including that there is no evidence of a contract between him and Plaintiff and that there is no evidence he took delivery or possession of the produce at issue, among others. [#37] at 4. McKnight argues that absent evidence of a contract or that he took delivery of the produce, there can be no trust relationship under PACA, and in turn, no breach of that trust. [#37] at 4-5.

Additionally, McKnight attaches to his Response to the Motion for Summary Judgment four "delivery tickets" that he claims pertain to the produce at issue in this case. [#37] at 5 (citing #37-1 to #37-4). He contends that they show delivery of the produce to "Share Colorado," not to Blue Ribbon. *Id.* He also attaches the same letter from the CDA that was attached to his Motion to Dismiss. [#37-5]. That letter, he argues, shows that Plaintiff's complaint for nonpayment was initially directed at Food Share America, not Blue Ribbon. [#37] at 5. McKnight contends that his evidence demonstrates that genuine

issues of material fact exist such that summary judgment should not be granted.

In the Reply,[5] Plaintiff argues that McKnight presents nothing to refute that he was the only person in a position to control Blue Ribbon's business affairs. [#39] at 2. With respect to McKnight's attempt to show that the commodities at issue were delivered to an entity other than Blue Ribbon, Plaintiff argues that the Court should reject these arguments because the default judgment conclusively establishes that Blue Ribbon is liable to Plaintiff. [#39] at 3. Additionally, Plaintiff argues, the evidence McKnight asks the Court to consider was not included with any of his discovery responses nor does it comply with Fed. R. Civ. P. 56(c)(1).

### 1. Effect of Blue Ribbon Default Judgment

The findings and conclusions in a default judgment are not binding as "law of the case" against other defendants who are not in default. *Associated International Insurance Company v. Crawford*, 182 F.R.D. 623, 628-629 (D.Colo. 1998). The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). "Unlike the more precise requirements of res judicata, law of the case is an amorphous concept." *Id.* "Law of the case principles do 'not bar a district court from acting unless an appellate decision has issued on the merits of the claim sought to be precluded.'" *Wilmer v. Board of County Comm'rs*, 69 F.3d 406, 409 (10th Cir. 1995) (quoting *United States v. Caterino*, 29 F.3d 1390, 1395 (9th Cir. 1994)). Thus, in the context of a default judgment which comes early in the case and contains "only the

---

[5] Plaintiff is reminded that all papers presented to the Court for filing shall be double-spaced. *See* D.C.COLO.LCivR 10.1E.

conclusions sought by plaintiff . . . without any testing of those conclusions by trial or argument," no preclusive rule applies, including law of the case. *Associated International Insurance Company*, 182 F.R.D. at 629; *see also Maersk, Inc. v. Neewra, Inc.*, 687 F.Supp.2d 300, 334 (S.D.N.Y. 2009) (holding law of the case doctrine inapplicable where default judgments were entered against defaulting defendants for failure to respond and in no way constitute decisions on the merits of plaintiff's claims). Consequently, while entry of a default judgment may presumptively establish the sufficiency of a plaintiff's complaint, it does not provide a basis for awarding the plaintiff summary judgment. *Maersk, Inc.*, 687 F.Supp.2d at 334.

Here, pursuant to the above legal authority, Plaintiff may not rely on the findings and conclusions in the Court's default judgment Order [#33] against Blue Ribbon as law of the case to support its Motion for Summary Judgment. The default judgment against Blue Ribbon, which according to McKnight was a result of Blue Ribbon's inability to afford an attorney, does not constitute a decision on the merits of Plaintiff's claims and is not binding on McKnight as law of the case. Plaintiff's contention that the default judgment established certain facts as true for purposes of its Motion for Summary Judgment is not supported by law. The Court therefore considers whether McKnight has demonstrated a genuine issue of material fact that would preclude summary judgment in favor of Plaintiff.

### 2. McKnight's Evidence

As noted above, McKnight asserts that there is no evidence that he entered a contract with Plaintiff to purchase the produce at issue, nor is there evidence that he took delivery or possession of the produce. [#37] at 4. Additionally, McKnight presents copies of four "delivery tickets" that, according to him, show that the produce was delivered to

"Share Colorado," not to Blue Ribbon. [#37] at 5 (citing #37-1 to #37-4). He also attaches a letter from the CDA in support of his contention that Plaintiff's complaint regarding nonpayment for the produce was initially against Food Share America, not Blue Ribbon. [#37] at 5.

Plaintiff argues in its Reply that McKnight's evidence fails to satisfy the requirements of Fed. R. Civ. P. 56(c)(1) in that the information is not contained in an affidavit nor is it taken from a deposition or responses to discovery requests. [#39] at 4. As Plaintiff acknowledges, however, Fed. R. Civ. P. 56(e) Advisory Committee's note addresses the importance of taking "extra care with pro se litigants" and provides that "the court may seek to reassure itself by some examination of the record before granting summary judgment against a pro se litigant." [#39] at 5. Plaintiff suggests two alternatives in the event that the Court determines that the factual questions raised by McKnight would preclude summary judgment if they were presented properly. *Id.* Plaintiff suggests either granting McKnight time to submit a new response that is properly supported by admissible evidence, or permitting the parties to reopen discovery and suspend a decision on the Motion for Summary Judgment. *Id.*

The Court finds that although McKnight has not properly supported his factual positions in compliance with Rule 56(c)(1), his statements, if true, and the documents attached to his Response to the Motion for Summary Judgment, if authentic, raise genuine issues of material fact that preclude the entry of summary judgment for Plaintiff. It is important to note that Plaintiff does not refute or question the truthfulness of McKnight's factual assertions, including the documentation showing that, according to McKnight, the produce at issue was delivered to another company and that Plaintiff filed a CDA complaint

about the same produce against a different company. Though not in proper summary judgment form, McKnight presents information that calls into question whether Plaintiff contracted with Blue Ribbon (acting through McKnight) to purchase the produce at issue, and, if so, whether the produce was delivered to Blue Ribbon such that it is liable to Plaintiff for payment. Given these disputed issues of material fact, the Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE**.

The Court further finds that reopening discovery for a limited period may assist the parties in resolving the disputed factual issues. Accordingly, discovery is reopened for a period of ninety (90) days after which either party may file a timely second motion for summary judgment if the evidence supports it. The parties remain subject to the discovery limitations set forth in the Amended Scheduling Order [#23] at 6-7.

### III. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion to Dismiss [#35] and the Motion for Summary Judgment [#36] are **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER **ORDERED** that discovery is reopened for a period of ninety (90) days until **January 28, 2013** subject to the same discovery limitations set forth in the in the Amended Scheduling Order [#23] at 6-7.

IT IS FURTHER **ORDERED** that in light of the new discovery deadline, either party may file a second motion for summary judgment on or before **March 15, 2013**.

Dated: October 30, 2012

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge